BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | 2:15-MC-00021-WBS-EFB |
|---|---|
| Plaintiff, | CONSENT JUDGMENT OF FORFEITURE |
| v. | |
| APPROXIMATELY $5,710.00 IN U.S. CURRENCY, | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On October 16, 2014, agents with the United States Postal Inspection Service ("USPIS") seized approximately $5,710.00 in U.S. Currency (the defendant currency") from Daniel Polotsky ("Polotsky") during a parcel interdiction at the Processing and Distribution Center located in West Sacramento, California.

2. USPIS commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others.  On or about December 18, 2014, USPIS received a claim from Polotsky asserting an ownership interest in the defendant currency.

3. The United States represents that it could show at a forfeiture trial that on October 16, 2014, USPIS conducted a parcel interdiction at the Processing and Distribution Center located at 3775 Industrial Boulevard, West Sacramento, California.

During the interdiction, law enforcement officials identified a parcel that bore markers consistent with parcels used for shipping contraband. An investigation revealed that Polotsky had mailed the package to Igor Ainbinder ("Ainbinder") in Colfax, California. Law enforcement agents contacted Polotsky, who confirmed that he had sent the package.

4. The United States represents that it could further show at a forfeiture trial that law enforcement officials presented the package to a drug detection dog, and the dog positively alerted to the presence of the odor of narcotics. Law enforcement officials contacted Ainbinder, who gave consent to open the parcel. Ainbinder said the parcel contained approximately $6,000.00 in U.S. Currency. When the parcel was opened, law enforcement officials located two magazines with cash concealed inside the pages. The cash totaled $5,710.00 in various denominations.

5. The United States represents that it could further show at a forfeiture trial that Ainbinder told law enforcement officials that Polotsky had sent the money as a loan to help Ainbinder pay his bills. Polotsky confirmed that he had sent the money to Ainbinder to help him pay his rent. He also told law enforcement officials that he is not gainfully employed but makes money selling items online and scalping tickets. Polotsky said he had sent the money in the magazine and wrapped the magazines in carbon paper to prevent the money from being stolen. Law enforcement officials informed Polotsky that the parcel sent to Ainbinder did not include carbon paper and asked if he was thinking of another parcel. Polotsky said he must have forgotten that he did not wrap the magazines in carbon paper. Ainbinder told law enforcement officials that he has a medical marijuana card but denied selling marijuana to Polotsky.

6. The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

7. Without admitting the truth of the factual assertions contained in this stipulation, claimant specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimant agrees that an adequate

factual basis exists to support forfeiture of the defendant currency.  Polotsky hereby acknowledges that he is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein.  Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, claimant shall hold harmless and indemnify the United States, as set forth below.

8. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

9. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

10. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

2. Upon entry of this Consent Judgment of Forfeiture, $2,710.00 of the Approximately $5,710.00 in U.S. Currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

3. Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, $3,000.00 of the Approximately $5,710.00 in U.S. Currency shall be returned to claimant Daniel Polotsky through his attorney Darryl A. Goldberg.

4. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency.  This is a full and final release applying to all unknown and

unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  Claimants waived the provisions of California Civil Code § 1542.

5. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

6. All parties will bear their own costs and attorney's fees.

7. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

IT IS SO ORDERED

Dated:  March 23, 2015

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE